*United States Department of Justice*

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

August 6, 2019



Rhett H. Johnson
Assistant Federal Public Defender
United States Courthouse
300 Virginia Street, East
Room 3400
Charleston, WV 25301

Re:  United States v. Michael Lawrence Collins

Dear Mr. Johnson:

This will confirm our conversations with regard to your client, Michael Lawrence Collins (hereinafter "Mr. Collins"). As a result of these conversations, it is agreed by and between the United States and Mr. Collins as follows:

1. **CHARGING AGREEMENT.** Mr. Collins agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Collins will plead guilty to the single count information, which charges him with a violation of 18 U.S.C. § 1708 (mail theft).

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Collins will be exposed by virtue of this guilty plea is as follows:

_M C_____
Defendant's
Initials

Rhett H. Johnson
August 6, 2019                         Re: Michael Lawrence
Collins
Page 2


    (a)   Imprisonment for a period of up to 5 years;

    (b)   A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release not more than 3 years;

    (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (f)   An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.   **RESTITUTION**. Notwithstanding the offense of conviction, Mr. Collins agrees that he owes restitution in the amount of $177.88 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Collins further agrees as follows:

    (a)   Mr. Collins agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)   Mr. Collins will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

    (c)   Mr. Collins agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

$MC$
Defendant's
Initials

Rhett H. Johnson
August 6, 2019                          Re: Michael Lawrence
Collins
Page 3


    5.    **SPECIAL ASSESSMENT.**    Prior to the entry of a plea
pursuant to this plea agreement, Mr. Collins will tender a check
or money order to the Clerk of the United States District Court
for $100, which check or money order shall indicate on its face
the name of defendant and the case number.  The sum received by
the Clerk will be applied toward the special assessment imposed by
the Court at sentencing.  Mr. Collins will obtain a receipt of
payment from the Clerk and will tender a copy of such receipt to
the United States, to be filed with the Court as an attachment to
this plea agreement.   If Mr. Collins fails to provide proof of
payment of the special assessment prior to or at the plea
proceeding, the United States will have the right to void this
plea agreement.   In the event this plea agreement becomes void
after payment of the special assessment, such sum shall be promptly
returned to Mr. Collins.


    6.    **PAYMENT OF MONETARY PENALTIES.** Mr. Collins authorizes
the Financial Litigation Unit in the United States Attorney's
Office to obtain a credit report from any major credit reporting
agency prior to sentencing in order to assess his financial
condition for sentencing purposes.   Mr. Collins agrees not to
object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject
to immediate enforcement by the United States.   So long as the
monetary penalties are ordered to be due and payable in full
immediately, Mr. Collins further agrees not to object to the
District Court imposing any schedule of payments as merely a
minimum schedule of payments and not the only method, nor a
limitation on the methods, available to the United States to
enforce the judgment.


    Mr. Collins authorizes the United States, through the
Financial Litigation Unit, to submit any unpaid criminal monetary
penalty to the United States Treasury for offset in accordance

                                    _MC_____
                                    Defendant's
                                    Initials

Rhett H. Johnson
August 6, 2019                    Re: Michael Lawrence
Collins
Page 4

with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Collins shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Mr. Collins agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

    7.  **COOPERATION.**  Mr. Collins will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Collins may have counsel present except when appearing before a grand jury.

    8.  **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Collins, and except as expressly provided in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9.  **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart

_MC_
Defendant's
Initials

Rhett H. Johnson
August 6, 2019                          Re: Michael Lawrence
Collins
Page 5

from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Mr. Collins for any violations of federal or state
laws.  The United States reserves the right to prosecute Mr.
Collins for perjury or false statement if such a situation should
occur pursuant to this agreement.

        10.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**
The United States and Mr. Collins stipulate and agree that the
facts comprising the offense of conviction and relevant conduct
include the facts outlined in the "Stipulation of Facts," a copy
of which is attached hereto as "Plea Agreement Exhibit B."

        Mr. Collins agrees that if he withdraws from this agreement,
or this agreement is voided as a result of a breach of its terms
by him, and he is subsequently tried for his conduct alleged in
the information and other relevant conduct, as more specifically
described in the Stipulation of Facts, the United States may use
and introduce the Stipulation of Facts in the United States case-
in-chief, in cross-examination of Mr. Collins or of any of his
witnesses, or in rebuttal of any testimony introduced by him or on
his behalf. Mr. Collins knowingly and voluntarily waives, see
United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has
pursuant to Fed. R. Evid. 410 that would prohibit such use of the
Stipulation of Facts.  If the Court does not accept the plea
agreement through no fault of the defendant, or the Court declares
the agreement void due to a breach of its terms by the United
States, the Stipulation of Facts cannot be used by the United
States.

        The United States and Mr. Collins understand and acknowledge
that the Court is not bound by the Stipulation of Facts and that
if some or all of the Stipulation of Facts is not accepted by the
Court, the parties will not have the right to withdraw from the
plea agreement.

        11.  **AGREEMENT ON SENTENCING GUIDELINES.**  Based on the

_MC_
Defendant's
Initials

Rhett H. Johnson
August 6, 2019                         Re: Michael Lawrence
Collins
Page 6

foregoing Stipulation of Facts, the United States and Mr. Collins
agree that the following provisions of the United States Sentencing
Guidelines apply to this case.

USSG §2B1.1, by cross reference to §2D2.1(a)(1)

Base offense level                               8

The United States and Mr. Collins acknowledge and understand
that the Court and the Probation Office are not bound by the
parties' calculation of the United States Sentencing Guidelines
set forth above and that the parties shall not have the right to
withdraw from the plea agreement due to a disagreement with the
Court's calculation of the appropriate guideline range.

12.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  Mr. Collins
knowingly and voluntarily waives his right to seek appellate review
of his conviction and of any sentence of imprisonment, fine, or
term of supervised release imposed by the District Court, or the
manner in which the sentence was determined, on any ground
whatsoever including any ground set forth in 18 U.S.C. § 3742(a),
except that the defendant may appeal any sentence that exceeds the
maximum penalty prescribed by statute. Mr. Collins also knowingly
and voluntarily waives any right to seek appellate review of any
claim or argument that (1) the statute of conviction 21 U.S.C. §
841(a)(1) is unconstitutional, and (2) Mr. Collins's conduct set
forth in the Stipulation of Facts (Plea Agreement Exhibit B) does
not fall within the scope of the 21 U.S.C. § 841(a)(1).

The United States also agrees to waive its right to appeal
any sentence of imprisonment, fine, or term of supervised release
imposed by the District Court, or the manner in which the sentence
was determined, on any ground whatsoever, including any ground set
forth in 18 U.S.C. § 3742(b), except that the United States may
appeal any sentence that is below the minimum penalty, if any,
prescribed by statute.

_MC_
Defendant's
Initials

Rhett H. Johnson
August 6, 2019                          Re: Michael Lawrence
Collins
Page 7


Mr. Collins also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Collins knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

(a)  Inform the Probation Office and the Court of all relevant facts and conduct;

(b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)  Respond to questions raised by the Court;

(d)  Correct inaccuracies or inadequacies in the presentence report;

(e)  Respond to statements made to the Court by or on behalf of Mr. Collins;

*MC*
_____
Defendant's
Initials

Rhett H. Johnson
August 6, 2019                          Re: Michael Lawrence
Collins
Page 8


     (f)    Advise the Court concerning the nature and extent of Mr.
Collins's cooperation; and

     (g)    Address the Court regarding the issue of Mr. Collins's
acceptance of responsibility.

     15.  **VOIDING OF AGREEMENT.**  If either the United States or
Mr. Collins violates the terms of this agreement, the other party
will have the right to void this agreement. If the Court refuses
to accept this agreement, it shall be void.

     16.  **ENTIRETY OF AGREEMENT.**  This written agreement
constitutes the entire agreement between the United States and Mr.
Collins in this matter.  There are no agreements, understandings
or recommendations as to any other pending or future charges
against Mr. Collins in any Court other than the United States
District Court for the Southern District of West Virginia.

     Acknowledged and agreed to on behalf of the United States:

                    MICHAEL B. STUART
                    United States Attorney

        By:

                    ANDREW J. TESSMAN
                    Assistant United States Attorney


I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this 9-
page agreement that I have read and carefully discussed every
part of it with my attorneys, that I understand the terms of
this agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge
that my attorneys have advised me of my rights, possible
defenses, the Sentencing Guideline provisions, and the

                           _M C_
                           Defendant's
                           Initials

Rhett H. Johnson
August 6, 2019                          Re: Michael Lawrence
Collins
Page 9


consequences of entering into this agreement, that no promises
or inducements have been made to me other than those in this
agreement, and that no one has threatened me or forced me in any
way to enter into this agreement.  Finally, I am satisfied with
the representation of my attorneys in this matter.


_Michael L Collins._____          _8 - 15 - 2019_____
Michael Lawrence Collins              Date Signed
Defendant

_R H JL_____          _8/15/19_____
Rhett H. Johnson                     Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. _____
                                      18 U.S.C. § 1708

MICHAEL LAWRENCE COLLINS

I N F O R M A T I O N
(Mail Theft)

The United States Attorney Charges:

On or about December 18, 2018, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia and elsewhere, MICHAEL LAWRENCE COLLINS did unlawfully have in his possession a package addressed to Douglas Smith at 1201 6th Ave, Huntington, WV 25701 which had been stolen, taken, embezzled and abstracted from a mail route, which was an authorized depository for mail matter, knowing the said package to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

MICHAEL B. STUART
United States Attorney

By: _____
ANDREW J. TESSMAN
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                   CRIMINAL NO. _____

MICHAEL LAWRENCE COLLINS

## STIPULATION OF FACTS

The United States and Michael Lawrence Collins stipulate and agree that the facts comprising the offense of conviction (in the single count Information in the Southern District of West Virginia, Criminal No. _____), includes the following:

1. From approximately July 2018 to December 2018, I was employed as a contract truck driver for Gary Noble Trucking, LLC.

2. My employment duties and responsibilities as a contract truck driver with Gary Noble Trucking, LLC included the transport of United States mail matter to and from United States Postal Services' (USPS) facilities in Ashland, Boyd County, Kentucky, Huntington, Cabell County, West Virginia, and Charleston, Kanawha County, West Virginia.

3. From August 2018 through December 2018, on approximately eighteen occasions, I opened and removed the contents of sealed U.S. mail parcels that were labeled as being sent from the "VAMC." I gained access to the U.S. mail parcels, and the articles contained therein, by virtue of my employment as a contract truck driver for Gary Noble Trucking, LLC.

4. When I opened the U.S. mail during my truck route, I was looking for specific types of prescription medications, such as hydrocodone. When I found the specific types of prescription medications, I stole and converted the prescription medications for my personal use.

5. I knew that I was prohibited from taking, opening, and removing the contents of U.S. mail parcels.

**PLEA AGREEMENT EXHIBIT B**

6.  I agree with the United States that hydrocodone is a Schedule II opiate.

7.  I agree with the United States that Huntington, Cabell County, West Virginia, and Charleston, Kanawha County, West Virginia are within the Southern District of West Virginia.


Stipulated and agreed to:


_Michael L Collins_                                    _8-15-2019_
Michael Lawrence Collins                                      Date
Defendant

_R J Johnson_                                          _08/15/19_
Rhett Johnson, Esquire                                        Date
Counsel for Defendant

_Andrew Tessman_                                       _9/3/19_
Andrew J. Tessman                                            Date
Assistant United States Attorney


**PLEA AGREEMENT EXHIBIT B**
2